## Commonwealth v. Martin

*Vernon D. Roof, Assistant District Attorney,* for Commonwealth.

*Richard Masson* and *Gerard R. Sorg,* for defendants.

GREINER, *P.J.*, March 6, 1981—These three appeals, arising out of the same set of circumstances, were joined for trial. Defendants were found guilty by District Magistrate Elizabeth J. Friedl, Magisterial District 59-3-03, on three identical citations charging each with unlawful taking, killing, possession, etc. of game contrary to section 701 of the Game Law of June 3, 1937, P.L. 1225, 34 P.S. § 1311.701, based on the following circumstances.

On December 16, 1980 at 12:10 p.m. Game Protector Harshberger, in full uniform and while patroling in the course of his duties, confronted the three defendants operating their pickup truck in the opposite direction, in the open bed of which was a dead doe to which was tied an official numbered deer tag completely void of any of the information required in the blanks provided thereon. Defendant

Rollick was riding in the open bed of the truck and called through the open rear window to the operator Martin and passenger Valentine, "Why didn't Fred tag his deer?" Immediately following this, as the officer checked each defendant's license, each said the deer belonged to Fred B. Martin who had killed it earlier but had to leave to go back to work. The officer advised that he was going to check their stories and if he was of the opinion they were not correct he would cite each of them for violation of section 701, imposing a fine of $200 plus costs.

The uncontradicted testimony of the officer also noted that each defendant was displaying a 1980 Pennsylvania Adult Resident hunting license and, Martin with a Cameron County, Pa., doe permit and the other two with Elk County, Pa., doe permits, all still attached.

Upon investigation at Fred B. Martin's place of employment, Airco-Speer, St. Marys, Elk County, Pa., as supported by stipulation of counsel, Fred B. Martin had not been hunting that day, had not killed a deer that day, and had not killed a deer during the 1980 season, December 16 being the second legal day for hunting doe, nor had he given or otherwise authorized defendant Donald Martin, his brother, or any of defendants to use his doe tag which admittedly was the one attached to the dead doe.

The defense urges the court to distinguish between the elements of section 701, unlawful taking, killing and possession, and section 708, relating to mandated tagging, etc., and that there is absolutely no evidence as to who had killed the deer, or even that it had been killed although dead, and in addition that defendants Valentine and Rollick, being

mere passengers, had no control over the taking and/or possession. A similar argument was submitted on behalf of defendant Martin, the operator of the truck.

We cannot accept defendants' contentions. Even admitting that the Commonwealth did not specifically prove the manner in which and by whom the deer was killed, the common sense interpretation of section 701 and the repeated use therein of the words "taking" and "possession" in the alternative, includes the instant factual situation. However, such "taking" or "possession" would not have been unlawful if defendants had proven that it was the deer of Fred B. Martin. Not only was Fred B. Martin present and sworn to testify to the contrary, but defense counsel stipulated in support thereof as hereinabove set forth. Also although the Commonwealth did not prove that the three defendants were hunting as a cohesive group and in concert with each other, each having presented the same false story to Officer Harshberger that the deer had been killed and belonged to Fred B. Martin conclusively proved all three were acting in unison in the lawful "taking" and "possession."

We therefore make the following

## ORDER

Now, March 6, 1981, all three of the within appeals are dismissed, and each of defendants, to wit: Donald Arthur Martin, Dennis F. Rollick, and Paul J. Valentine are found guilty of the charge of violating section 701 of the Game Law, and the fines and costs heretofore imposed are affirmed, plus they shall also pay costs of these proceedings.